**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 13-cv-02419-RPM

WESTFIELD INSURANCE COMPANY, an Ohio corporation,

   Plaintiff,

v.

CENTRIA, INC., a Delaware corporation; and
JACOBS ENGINEERING GROUP, INC., a Delaware corporation,

   Defendants.

## ORDER GRANTING JACOBS ENGINEERING GROUP'S MOTION TO DISMISS

The Colorado Army National Guard ("the Guard") built a hangar and related facilities at the Eagle County Airport in Gypsum, Colorado known as the High Altitude Army Aviation Training Site ("HATTS Project" or "the Project"). The Guard contracted with Jacobs Engineering Group, Inc. ("Jacobs") to design the HATTS Project and provide construction supervision. The Guard contracted with Hensel Phelps Construction Company ("Hensel Phelps") to serve as the general contractor on the Project.

Hensel Phelps entered into subcontracts with Noorda Sheet Metal to construct and install a metal roofing system and with Noorda Materials to supply materials. Noorda Materials contracted with Centria, Inc. for the supply of certain materials.

Westfield Insurance Company ("Westfield") issued performance and payment bonds to Hensel Phelps for Noorda Sheet Metal and a supply bond to Hensel Phelps for Noorda Materials.

The roof system leaked during the winter of 2012-2013. Hensel Phelps terminated the Noorda contracts and made the necessary repairs for a cost exceeding $1.5 million.

Westfield paid Hensel Phelps $1 million in settlement of Westfield's surety bond obligations. Hensel Phelps, in turn, assigned all claims it may have against others on the Project to Westfield. In its Second Amended Complaint [Doc. 59 at 11-13], Westfield seeks damages from Jacobs for professional negligence and breach of contract; Westfield also seeks contribution from Jacobs. Jacobs moved for dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6).

Westfield's professional negligence and breach of contract claims against Jacobs are based on the theory that when Hensel Phelps incurred the $1.5 million cost of repairing the Project roof, Hensel Phelps became equitably subrogated to the rights of the Colorado National Guard; thus, when Hensel Phelps assigned all of its Project-related claims to Westfield, Westfield stepped into Hensel Phelps' shoes and became subrogated to the Colorado National Guard's Project-related rights against Jacobs. There is no precedent for the claim that a general contractor is by law subrogated to any possible claims that a project owner may have against a subcontractor when the general contractor voluntarily completes the work of the subcontractor. Westfield has failed to state a viable tort or contract claim against Jacobs based on this theory.

Westfield's negligence claim is also barred by Colorado's economic loss rule. Westfield asserts that, in designing the HATTS Project, Jacobs breached a duty of care owed by design professionals that arises from tort law. Jacobs' contract with the Guard sufficiently memorialized Jacobs' professional tort duty.

2

Westfield's claim against Jacobs for contribution, which must be based on a sustainable, underlying tort claim, is accordingly barred.

Hensel Phelps could not have asserted the Guard's rights against Jacobs, either in contract or in tort.  Jacobs did not owe the Guard a tort duty of care that was independent of Jacobs' contract with the Guard.  It is therefore

ORDERED that Defendant Jacobs Engineering Company' Motion to Dismiss [Doc. 62] is granted.  Jacobs is dismissed from this civil action.

Dated:     October 3, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior Judge