**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 13-cv-02419-RPM

WESTFIELD INSURANCE COMPANY, an Ohio corporation,

    Plaintiff,

v.

CENTRIA, INC., a Delaware corporation; and
JACOBS ENGINEERING GROUP, INC., a Delaware corporation,

    Defendants.

---

**ORDER DENYING WESTFIELD INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

---

Plaintiff Westfield Insurance Company has moved pursuant to Federal Rule of Civil Procedure 59(e) for the Court to reconsider its October 3, 2014 Order granting Defendant Jacobs Engineering Group's Motion to Dismiss. [Doc. 70.] Westfield contends that reconsideration is warranted because the Court wrongly assumed that Hensel Phelps repaired the roof voluntarily, and "the cases cited in Westfield's Response . . . provide authority for the proposition that a contractor who completes a project upon demand by the project owner is subrogated to the project owner's right and claims against third parties." [Id. at 3.]

Assuming Hensel Phelps made the necessary repairs upon the Colorado Air National Guard's demand, none of the cases cited in Westfield's Response establish that the doctrine of equitable subrogation extends to this type of situation. The case Westfield principally relies on, Bainbridge, Inc. v. Travelers Cas. Co. of Conn., 159 P.3d 748, 752 (Colo. App. 2006), presented the question of whether current homeowners could acquire through equitable subrogation a previous homeowner's liability claim. The other cases Westfield

cites involved the typical equitable subrogation circumstance, in which a surety agreement existed with a surety guaranteeing the performance of its principal on a contract with a project owner; the surety, upon completing the project after the principal defaulted, was deemed equitably subrogated to the project owner's project-related rights against the principal and third parties.  See Lyndon Prop. Ins. Co. v. Duke Levy & Associates, LLC, 475 F.3d 268, 270–71 (5th Cir. 2007); Carolina Cas. Ins. Co. v. R.L. Brown & Assocs., Inc., No. 04-CV-3537, 2006 WL 2842733 (N.D. Ga. Dec. 11, 2006) Peerless Ins. Co. v. Cerny & Assocs., Inc., 199 F. Supp. 951, 954 (D. Minn. 1961);  Unity Tel. Co. v. Design Serv. Co., 201 A.2d 177 (Me. 1964); Acuity, A Mutual Ins. Co. v. McGhee Eng'g, 297 S.W.3d 718 (Tenn. App. 2008).  The facts of those cases do not fit here, and their reasoning does not warrant extending equitable subrogation as Westfield contends.

Westfield's Motion for Reconsideration does not add anything new to the Court's analysis.  Perceiving no basis for reconsideration under Rule 59(e), it is

ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order and Judgment Dismissing Jacobs Engineering Group, Inc. [Doc. 70] is denied.

Dated:	October 30, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior Judge