IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02419-RPM-MJW

Westfield Insurance Company, an Ohio Corporation,

    Plaintiff,

v.

Centria, Inc.; a Delaware Corporation

    Defendant.

## STIPULATED PROTECTIVE ORDER

Defendant, **CENTRIA, INC.**, by its attorneys, **SENTER GOLDFARB & RICE, L.L.C.**, and Plaintiff, **WESTFIELD INSURANCE COMPANY** ("Westfield"), by its attorneys, **BROSSEAU BARTLETT SESERMAN, LLC**, hereby stipulate and move the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information (as hereinafter defined) and as grounds therefore, state as follows:

1.     "Confidential Information" means any document, program, file, portions of files, deposition or transcribed testimony or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom, which is designated by one of the Parties in the manner provided in paragraphs 4 and 5 below as containing Confidential Information.

2.     The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3.  In this action, at least one of the Parties has sought and/or may seek what is claimed to be Confidential Information. The Parties also anticipate that they will seek additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of such information outside of the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. Pursuant to Fed. R. Civ. P. 26(c)(1)(G), the Parties have entered into this Stipulation and request that the Court enter the Protective Order for purposes of preventing the disclosure and use of Confidential Information, except as set forth herein.

4.  Centria asserts Confidential Information includes the following documents:

   a.  Centria's Trained Installer Program Roof Programs, Bates Labeled Centria01093 – Centria01808.

5.  Other Confidential Information produced, provided or otherwise disclosed by the Parties will be designated in the following manner:

   a.  By imprinting the world "Confidential" on each page of any document for which confidentiality is desired;

   b.  By imprinting the word "Confidential" next to or above any response to a discovery request;

   c.  With respect to transcribed testimony, by either designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition or hearing or by designating portions of depositions or testimony as "Confidential" after transcription, provided written notice of the designation is given

to all counsel of record within 21 days after notice by the court reporter of the completion of the transcript;

    d.    With respect to electronically stored information, by labeling each document or file produced as "Confidential" as a component of its bates number designations; and

    e.    The social security numbers, tax identification numbers, drivers' license numbers, loans and credit and deposit account numbers and balances of any person or entity shall be deemed Confidential Information without the requirement that it be designated as such by any person.

6.    Information designated as confidential must first be reviewed by the attorney for the designating Party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

7.    All confidentiality issues must be raised with the Court if not resolved between the parties no later than thirty days before the dispositive motion deadline.

8.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    Confidential Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    Confidential Information shall not be communicated or disclosed by any Party or its counsel, either directly or indirectly, except for purposes of this litigation, to anyone other than the following:

        i.    Attorneys actively working on this matter;

    ii. Counsel's employees;

    iii. Independent contractor investigators, experts and other representatives of the Parties engaged by the attorneys in this case who execute the attached Exhibit A;

    iv. Parties and designated representatives of the Parties;

    v. The Court and its employees;

    vi. Stenographic reporters engaged in this litigation;

    vii. Deponents and witnesses;

    viii. Jury members; and

    ix. Other persons by agreement of the Parties who execute the attached Exhibit A.

9. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, undersigned counsel and their employees, experts and other representatives of the Parties and insurance representatives, shall hold Confidential Information in confidence and not divulge the Confidential Information, either verbally or in writing, to any other person or entity other than those identified in ¶8 unless authorized to do so by Court Order. The Parties recognize that the available sanctions for the violation of the Protective Order include, but are not limited to, the sanctions available under Fed. R. Civ. P. 37(b)(2)(A).

10. The Party's counsel who discloses Confidential Information shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

11. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 10 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under the terms and conditions deemed appropriate by the Court.

12. By producing any Confidential Information or testifying on any matter later designated as "Confidential," no Party to this Protective Order waives any objection or challenge to the admissibility of any such Confidential Information.

13. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information within the time period set forth in paragraph 7. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the

information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

14. Prior to trial, in the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. In addition, any pleadings or briefs quoting or discussing any information designated as "Confidential" will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the party seeking to keep such information out of the public record.

15. The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17. Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel shall return to the producing party all Confidential Information provided subject to this Protective Order or dispose of it in a confidential manner.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19.     In the event information or documentation is inadvertently disclosed to an opposing Party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes taken regarding said information/documentation by those who have received the inadvertent disclosure.  Further, no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

20.     Nothing in this Protective Order shall relieve any party of its obligation under Fed. R. Civ. P. 26(b)(5) to prepare and provide a privilege log.

21.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity to be heard.

**DATED** this 18th day of December, 2014.

                    **BY THE COURT:**

                    s/Richard P. Matsch
                    _____
                    Richard P. Matsch
                    United States Senior Judge